UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD CORBET and HELENA CORBET, Individually and as Parents of BENJAMIN CORBET, Deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>DIAMOND AIRCRAFT INDUSTRIES INC.<br><br>    Defendant. | CASE NO. 1:22-cv-02457-SEB-MG |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES**

Defendant Diamond Aircraft Industries Inc. ("Diamond") files this Brief in support of their Motion to Dismiss Plaintiffs' Complaint for Damages pursuant to Fed. R. Civ. P. 12(b)(6), and would respectfully provide the following arguments and authorities in favor of its Motion. For the reasons stated herein, Diamond respectfully requests that its Motion to Dismiss be granted and that Diamond be granted any and all additional relief to which it is justly entitled.

**I.**     **Procedural Summary and Recitation of the "Substantive" Portions of Plaintiffs' Complaint:**

Plaintiffs filed the present lawsuit on December 22, 2022. In their 3-page Complaint for Damages, Plaintiffs identify the parties and the basis for jurisdiction. [Dkt. 1, p. 1 of 3.] And, they allege the following "facts" and "claims" as set forth below ***in their entirety:***

    7. On June 6, 2021, Benjamin was a student in a flight training class when the Diamond DA40 crashed into a field in Burlington, Montgomery County, Indiana.

    8. Benjamin Corbet died as a result of the crash.

9. The flight instructor died as a result of the crash.

10. Defendant had a duty to provide Benjamin Corbet with a safe plane during his flight instruction.

11. The Diamond DA40 that was involved in the crash was owned by a flight school operating out of Marion County, Indiana.

12. The Defendant's plane, the Diamond DA40, was not safe for flight in flight schools.

13. The Defendant's plane, the Diamond DA40, was defective in its design, manufacture, distribution, warnings, and instructions.

14. Defendant breached its duty to Plaintiff and their son Benjamin Corbet.

15. As a result of Defendant's negligence Benjamin died.

16. As a direct and proximate result of the Defendant's careless and negligent acts and omissions Benjamin Corbet suffered fatal injuries.

17. As a direct and proximate result of the Defendant's careless and negligent acts and omissions, Todd Corbet and Helena Corbet, have suffered damages as a result of the loss of their son Benjamin Corbet including but not limited to the loss of services, love and companionship, and expenses.

18. Plaintiffs Todd Corbet and Helena Corbet claim all damages to which they are entitled under Indiana law.

[Dkt. 1, p. 2 of 3.] In the ten sentences quoted above, which are the entirety of the substantive averments of Plaintiffs' complaint, Plaintiffs use buzzwords like "negligence," "breached," and "duty." [Dkt. 1, ¶¶ 14, 15, 16, and 17.] They allude to categories of claims like "defective in its design, manufacture, distribution, warning, and instructions." [Dkt. 1, ¶ 13.] And, they even

generally allege that their damages were "a direct and proximate result of the Defendant's careless and negligent acts and omissions." [Dkt. 1, ¶ 17.] But aside from these conclusory allegations and partial, incomplete causes of action, Plaintiffs' 3-page Complaint is utterly devoid of any substance. And, it is those "unadorned, the-defendant-unlawfully-harmed-me accusations" and "naked assertions" that serve as the basis of the present motion.

II. **The Legal Standard for the Evaluation of Pleadings Under Rule 12(b)(6):**

A party may move to dismiss a claim against it based on the claimant's "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true ***the well-pleaded facts*** in the complaint. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). However, the Court is not required to give deference to all averments in a complaint. Legal conclusions or conclusory allegations merely reciting the elements of a claim are not entitled to the presumption of truth. *Id.* While a court must accept all of Plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly,* 550 U.S. 544, 547 (2007). If plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Fed. R. Civ. P. 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). A complaint does not suffice if it merely tenders naked assertions devoid of further factual enhancement. *Id.* While a complaint does not need detailed factual allegations, the facts alleged 'must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

### III.     **Argument:**

There is no reason to belabor the argument. There is no subtlety or nuance to be presented. Plaintiffs' Complaint contains none of the basic content necessary to allege a claim. Plaintiffs' Complaint is precisely the type of pleading that *Iqbal* and *Twombly* were designed to address. It is a mere fragment of a pleading. It is conclusory. It is insufficient. And, it should be dismissed. *See e.g.*, *Am. Guar. & Liab. Inc. Co. v. Cirrus Design Corp.*, 2010 WL 5480775 (S.D.N.Y. Dec. 30, 2010)(granting motion to dismiss where plaintiff failed to specify which of the hundreds, if not thousands, of component parts of the subject rudder and aileron systems were defective); *Cheramie v. Panther Helicopters, Inc.*, 2015 WL 693221 (E.D.La., Feb. 18, 2015)(granting motion to dismiss where plaintiff alleged engine was "defective" but did not allege when or how the engine became defective); *Fontalvo v. Sikorsky Aircraft Corp.*, 2013 WL 4401437 (S.D.Cal. Aug. 15, 2013) (granting motion to dismiss after plaintiff alleged products-liability claim but failed to identify which components out the thousands on the subject helicopter were defective, how they were defective, and why defendant was responsible); *Mullen v. Bell Helicopter Textron, Inc.*, 2015 WL

1120331 (S.D.Miss. Aug. 17, 2015)(granting motion to dismiss where plaintiff merely alleged that the subject helicopter lost power and crashed).

**IV.     Conclusion:**

For the foregoing reasons, Diamond respectfully requests that its Motion to Dismiss be granted and that Diamond be granted any and all additional relief to which it is justly entitled.

Respectfully submitted,

NORRIS CHOPLIN SCHROEDER LLP

*/s/  Scott A. Harkness*
Scott A. Harkness (#16418-49)
Myekeal D. Smith, Jr. (#36409-53)

101 West Ohio Street, Ninth Floor
Indianapolis, IN  46204-4213
317/269-9330; 317/269-9338 fax
sharkness@ncs-law.com
msmith@ncs-law.com
*Attorneys for Defendant, Diamond Aircraft Industries Inc.*


CUNNINGHAM SWAIM, LLP

*/s/ Ross Cunningham*
Ross Cunningham – Attorney in Charge
Admission No. 24007062T
Bryan S. David (admission pending)

4015 Main Street, Suite 200
Dallas, Texas 75226
Phone: 214-646-1495
Facsimile: 214-613-1163
rcunningham@cunninghamswaim.com
bdavid@cunninghamswaim.com
*Attorneys for Defendant, Diamond Aircraft Industries Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 22, 2023 a copy of the foregoing was filed electronically. Service of this filing will be made on all e-filing registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                */s/ Scott A. Harkness*