UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD CORBET and HELENA CORBET, Individually, and as Parents of BENJAMIN CORBET, deceased<br>Plaintiffs,<br><br>vs.<br><br>DIAMOND AIRCRAFT INDUSTRIES, INC.<br>Defendants. | CASE NO. 1:22-cv-2457-SEB-MG |

## PLAINTIFFS' RESPONSE AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs, by counsel, respond to and oppose Defendant's Motion to dismiss. In support Plaintiffs state:

1. Defendant filed its motion to dismiss pursuant to FRCP 12(b)(6).

2. This case arises from a plane crash that took place during a flight instruction class on June 6, 2021. The crash resulted in the deaths of student Benjamin Corbet and his instructor. (Complaint ¶ 7-9).

3. Plaintiffs allege in their Complaint that Defendant was negligent and defective in its design, manufacture, distribution, warnings, and instructions, and as a result caused the death of Benjamin Corbet. (*See* Complaint).

4. The complaint should be viewed as a whole, but the following are a summary of key allegations with respect to Defendant:

   a. The Diamond DA40 that was involved in the crash was owned by a flight school operating out of Marion County, Indiana.

   b. The Defendant's plane, the Diamond DA40, was not safe for flight in flight schools.

    c. The Defendant's plane, the Diamond DA40, was defective in its design, manufacture, distribution, warnings, and instructions.

    d. Defendant breached its duty to Plaintiff and their son Benjamin Corbet.

    e. As a result of Defendant's negligence Benjamin died.

(Complaint ¶ 11-15).

5. Defendant is aware that any claims against the flight school at issue are subject to a confidentiality clause thus limiting plaintiff's ability to publicly disclose additional facts and claims in its pleadings.

6. Plaintiffs alleged that Defendant owed Plaintiffs a duty, breached, said duty, and as a result of its negligence Benjamin Corbet died. (Complaint ¶10-17).

7. Plaintiffs alleged that Defendant was responsible for the dangerous conditions that existed within the Diamond DA40 and caused the crash based on a theory of negligence. (Complaint ¶10-17).

8. FRCP 8(a)(2) provides that a Complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Courts are to construe the complaint in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). To survive a motion to dismiss filed under FRCP 12(b)(6), the Complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 173 L.Ed.2d 929 (2007).

9. The question before the court therefore seems to be twofold: 1) Whether negligence is a

valid cause of action under Indiana law; and 2) Whether a manufacturer is liable for the product placed in the hands of flight training schools. If the answer is yes, which it is, then Defendant's motion to dismiss must be denied.

10. To the extent that this Court deems the factual allegations not detailed enough, plaintiff has prepared an Amended Complaint and attached it as Exhibit 1 to this Motion. The statute of limitations has not yet run regarding these claims.

WHEREFORE, Plaintiffs, by counsel, request that Defendant's Motion to Dismiss be denied and for all other relief just and proper in the premises.

Respectfully submitted,

*/s/ Katherine Karres*
Katherine Karres (#27192-49)
Hurst Limontes, LLC
50 South Meridian Street, Suite 600
Indianapolis, IN 46204-3680
317-636-0808/FAX: 317-633-7680

## **CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing was served via the Court's Electronic Filing System this February 28, 2023, addressed to the following:

Scott Harkness
Myekeal D. Smith Jr.
NORRIS CHOPLIN SCHROEDER, LLP
101 West Ohio Street, Ninth Floor
Indianapolis, IN 46204

Ross Cunningham
CUNNINGHAM SWAIM, LLP
4015 Main Street, Suite 200
Dallas TX 75226

                                                       */s/Katherine Karres*_____
                                                       Katherine G. Karres, #27192-49
                                                       Attorney for Plaintiffs

**Hurst Limontes LLC**
50 S. Meridian St., Suite 600
Indianapolis, IN  46204
317-636/0808 / Fax 317-633-7680
kkarres@billhurst.com