UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD CORBET, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:22-cv-02457-SEB-MG |
| DIAMOND AIRCRAFT INDUSTRIES, INC., | ) |
| Defendant. | ) |

**ORDER DIRECTING FILING OF AMENDED COMPLAINT AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS**

Plaintiffs brought this action in this Court on December 22, 2022, invoking our diversity jurisdiction. Dkt. 1. Because that jurisdiction has not been properly alleged, on our own motion we direct Plaintiffs to file an amended complaint curing the deficiency noted below.

**Analysis**

Subject-matter jurisdiction is the power of a court to hear and decide a case. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). "[W]ithout it the federal courts cannot proceed." *Id.* We have a duty to investigate our jurisdiction if it appears doubtful. *Id.* The proponent of federal jurisdiction bears the burden of showing it. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Conclusory jurisdictional allegations are insufficient. *Spann v. Aloe Int'l Distribs., Inc.*, No. 92 C 6204, 1993 WL 433785, at *1 (N.D. Ill. Oct. 25, 2993); *see also Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002).

1

This Court has diversity jurisdiction over cases "where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Here, Plaintiffs allege their residency, but not their citizenship. For purposes of diversity jurisdiction, an allegation of residency is inadequate. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). Residency and citizenship are not the same, and it is the latter that matters for purposes of diversity. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Plaintiffs must provide the citizenship of each party.

Plaintiffs have also failed to adequately allege the citizenship of Defendant, a corporation. A corporation is deemed a citizen of any state where it is incorporated and a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). Plaintiffs must allege both the states of incorporation and the corporation's principal place of business; here, Plaintiffs have alleged only that Defendant is a Canadian corporation "doing business in the state of Indiana," but have not alleged the location of Defendant's principal place of business.

For these reasons, Plaintiffs are <u>ORDERED</u> to file within fourteen (14) days of the date of this order an amended complaint curing the above recited jurisdictional deficiencies. Plaintiffs are also given leave to amend their factual allegations to address the issues raised in Defendant's motion to dismiss if they so choose. Defendant's pending Rule 12(b)(6) motion to dismiss [Dkt. 11] directed at Plaintiff's original complaint is

DENIED without prejudice to refiling if appropriate after Plaintiffs' amended complaint is filed.

IT IS SO ORDERED.

Date: 4/24/2023

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael Ross Cunningham
CUNNINGHAM SWAIM, LLP
rcunningham@cunninghamswaim.com

Scott A. Harkness
NORRIS CHOPLIN & SCHROEDER LLP
sharkness@ncs-law.com

Katherine G. Karres
Hurst Limontes
kkarres@billhurst.com

Myekeal Deaire Smith, Jr
Norris Choplin Schroeder
msmith@ncs-law.com