UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TODD CORBET and HELENA CORBET, Individually and as Parents of BENJAMIN CORBET, deceased<br>　　Plaintiffs,<br><br>v.<br><br>DIAMOND AIRCRAFT INDUSTRIES INC.<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:22-CV-2457 |

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES

Diamond Aircraft Industries Inc. ("Defendant" or "Diamond") denies the allegations in Plaintiffs' Second Amended Complaint and reserves all rights as to such allegations. Further, Defendant files this Brief in support of its Motion to Dismiss Plaintiffs' Second Amended Complaint for Damages (Dkt. 27) pursuant to Fed. R. Civ. P. 12(b)(6).

### Summary

Despite being given multiple opportunities to amend their pleadings, Plaintiffs' Second Amended Complaint remains insufficient to state a claim against Diamond. Plaintiffs' allegations are conclusory and insufficiently detailed to allege a cause of action. They fail to allege any alleged defect with any level of specificity and plead no facts that could give rise to a legal duty on the part of Diamond as to the actions of the third-party flight school that was operating the aircraft at the time of the crash. The Second Amended Complaint should be dismissed.

### Procedural History and Plaintiffs' Current Allegations

Plaintiffs filed this action on December 22, 2022. (Dkt. 1). Their original Complaint was a 3-page recitation of boilerplate elements of a negligence cause of action, and Diamond responded

1

with a Motion to Dismiss. (Dkts. 11, 12). However, Plaintiffs' Complaint also contained insufficient jurisdictional allegations, and rather than rule on the merits of Diamond's original Motion to Dismiss, the Court directed Plaintiffs to file an Amended Complaint to sufficiently allege jurisdiction, allowed Plaintiffs to also provide additional factual allegations, and denied Diamond's Motion to Dismiss without prejudice. (Dkt. 21). After one insufficient amendment (Dkt. 25), the Court directed Plaintiffs to file their Second Amended Complaint with sufficient jurisdictional allegations (Dkt. 26), which they did on May 10, 2023. (Dkt. 27).

Plaintiffs' Second Amended Complaint added some factual allegations, but they remain conclusory and insufficient. Plaintiffs allege the following facts in their entirety:

> 7. On June 6, 2021, Benjamin was a student in a flight training class when the Diamond DA40 crashed into a field in Burlington, Montgomery County, Indiana.
>
> 8. During the flight training class on June 6, 2021, the Diamond DA40 was able to get into spin during stall training and the flight instructor was unable to get the Diamond DA40 out of the spin and the Diamond DA40 crashed into the field.
>
> 9. Benjamin Corbet died as a result of the crash.
>
> 10. The flight instructor died as a result of the crash.
>
> 11. Defendant had a duty to provide Benjamin Corbet with a safe plane during his flight instruction.
>
> 12. The Diamond DA40 that was involved in the crash was purchased and owned by a flight school operating out of Marion County, Indiana.
>
> 13. The Defendant's plane, the Diamond DA40, was not safe for flight in flight schools.
>
> 14. The Defendant's plane, the Diamond DA40, was not safe for stall or spin training.
>
> 15. The Defendant negligently allowed the Diamond DA40 to be utilized in flight training classes when it was unsafe to do so given that it is manufactured to be difficult to get out of a spin.

16. The Defendant failed to provide proper training or instructions to the flight school on getting the Diamond DA40 out of a spin, including incipient spins, during training sessions.

17. The Defendant failed to investigate whether the flight school's instructors were properly instructed, trained, or certified in stall training, spin training, and spin recovery before they were allowed to fly the Diamond DA40 during flight training sessions, including during stall and/or spin training.

18. The Defendant failed to warn students such as Benjamin Corbet of the potential harm of flying the Diamond DA40 during flight training sessions, including during stall or spin training sessions.

19. The Defendant's plane, the Diamond DA40, was defective in its design, manufacture, distribution, warnings, and instructions including the fact that the Diamond DA40 was unreasonably difficult to get out of a spin (also known as spin recovery) resulting in the crash at issue.

20. Defendant breached its duty to Plaintiffs and their son Benjamin Corbet in failing to manufacture a safe aircraft, failing to warn of the dangers of flying and/or spinning the aircraft, and failing to instruct flight schools, instructors, and students on how to get a Diamond DA40 out of a spin/engage in spin recovery.

21. As a result of Defendant's negligence, Benjamin died.

22. As a direct and proximate result of the Defendant's careless and negligent acts and omissions Benjamin Corbet suffered fatal injuries.

23. As a direct and proximate result of the Defendant's careless and negligent acts and omissions, Todd Corbet and Helena Corbet, have suffered damages as a result of the loss of their son Benjamin Corbet including but not limited to the loss of services, love and companionship, and expenses.

24. Plaintiffs Todd Corbet and Helena Corbet claim all damages to which they are entitled under Indiana law.

(Dkt. 27 at 2-4, ¶¶ 7-24).

Plaintiffs' pleadings remain devoid of substance, and continue to be "unadorned, the-defendant-unlawfully-harmed-me accusations" and "naked assertions" that must be dismissed under Rule 12(b)(6).

## Legal Standard

A party may move to dismiss a claim against it based on the claimant's "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true ***the well-pleaded facts*** in the complaint. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). However, the Court is not required to give deference to all averments in a complaint. Legal conclusions or conclusory allegations merely reciting the elements of a claim are not entitled to the presumption of truth. *Id.* While a court must accept all of Plaintiffs' allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly,* 550 U.S. 544, 547 (2007). If plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Fed. R. Civ. P. 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). A complaint does not suffice if it merely tenders naked assertions devoid of further factual enhancement. *Id.* While a complaint does not need detailed factual allegations, the facts alleged 'must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. "Conversely, when

the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

**Argument**

Plaintiffs' Second Amended Complaint, despite the allegations that have been added, still fails to allege sufficient facts to state a claim for relief under Rule 8(a)(2). The Second Amended Complaint is exactly the type of pleading that *Iqbal* and *Twombly* were designed to address. It should be dismissed.

The Second Amended Complaint baldly alleges that the aircraft was "not safe for flight in flight schools" or "not safe for stall or spin training", and claims that the aircraft "was manufactured to be difficult to get out of a spin." (Dkt 27 at 2, ¶¶ 13-15). However, the pleading is devoid of allegations as to what the defect ***actually was*** that made it "unsafe" or "defective" or how it made it unsafe for the purposes Plaintiffs identify. Throughout the nation, when federal courts have been faced with conclusory allegations that an aircraft was defective without any specificity or detail, courts have routinely dismissed such complaints as failing to meet the federal pleading standard. *See e.g.*, *Am. Guar. & Liab. Inc. Co. v. Cirrus Design Corp.*, 2010 WL 5480775 (S.D.N.Y. Dec. 30, 2010) (granting motion to dismiss where plaintiff failed to specify which of the hundreds, if not thousands, of component parts of the subject rudder and aileron systems were defective); *Cheramie v. Panther Helicopters, Inc.*, 2015 WL 693221 (E.D. La., Feb. 18, 2015) (granting motion to dismiss where plaintiff alleged engine was "defective" but did not allege when or how the engine became defective); *Fontalvo v. Sikorsky Aircraft Corp.*, 2013 WL 4401437 (S.D. Cal. Aug. 15, 2013) (granting motion to dismiss after plaintiff alleged products-liability claim but failed to identify which components out the thousands on the subject helicopter were

defective, how they were defective, and why defendant was responsible); *Mullen v. Bell Helicopter Textron, Inc.*, 2015 WL 1120331 (S.D. Miss. Aug. 17, 2015) (granting motion to dismiss where plaintiff merely alleged that the subject helicopter lost power and crashed). This Court should do the same.

Nor do Plaintiffs' allegation about warnings or instructions survive scrutiny. Plaintiffs allege that the aircraft "was defective in its design, manufacture, distribution, warnings, and instructions including the fact that the Diamond DA40 was unreasonably difficult to get out of a spin (also known as spin recovery) resulting in the crash at issue", and that Diamond "failed to provide proper training or instructions to the flight school" and "failed to investigate whether the flight school's instructors were properly instructed, trained, or certified in stall training, spin training, and spin recovery before they were allowed to fly the Diamond DA40 during flight training sessions, including during stall and/or spin training". (Dkt. 27 at 2-3, ¶¶ 16-19). These factual allegations remain deficient because they do not identify any instructions or warnings or how they actually were defective, but even so, they do not support a legal duty on the part of Diamond.

Plaintiffs make conclusory allegations regarding Diamond's alleged duties, but they provide no information establishing the source of the duty or basic facts supporting its existence. For example, without reference to any legal authority or factual basis, Plaintiffs allege that Diamond has the duty to ensure that flight instructors are properly trained in "getting . . . out of a spin" or "properly instructed, trained, or certified in spin training." (Dkt. 27 at 2-3, ¶¶ 16-17). Whether Diamond had a duty to Plaintiffs is "a question of law to be determined by the court". *Dunn v. Menard, Inc.*, 880 F.3d 899, 906 (7th Cir. 2018). However, Plaintiffs' allegations do not— and cannot—establish a legal duty on the part of Diamond to control the actions of a third party.

In any case, Plaintiffs' allegation of a duty of this nature is directly contradicted by the Federal Aviation Regulations ("FARs"). Section 61.183 of the FARs provides the eligibility requirements for a Flight Instructor Certificate, which is issued by the Federal Aviation Administration ("FAA"). 14 C.F.R. §§ 61.181, 61.183. Among the litany of qualifications necessary, <u>the FAA examiner</u>, not an aircraft manufacturer like Diamond, must determine that the flight instructor candidate meets the requirements under federal regulations. These requirements are specific and detailed, and include, among others, that the FAA examiner determines that the flight instructor candidate has "demonstrate[d] instructional proficiency in stall awareness, spin entry, spins and spin recovery procedures." 14 C.F.R. § 61.183(i)(1)-(2). Under federal regulations, the aircraft manufacturer has nothing to do with this. Plaintiffs do not plead a legal or factual basis for the alleged duty they attempt to impose, because there is no such basis. The Court is not bound to accept conclusory pleadings of legal issues such as duty, including averments that directly contradict federal regulatory law. Diamond has no duty to Plaintiffs based on the allegations of the Second Amended Complaint, and Plaintiffs therefore fail to state a claim.

The mere fact that an accident took place does not automatically infer that a party was negligent. *See Anderson v. Griffin*, 397 F.3d 515, 519-20 (7th Cir. 2005). To adequately state a claim, Plaintiffs' Second Amended Complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 547. Plaintiff essentially pleads that the aircraft crashed in a stall/spin accident and then makes conclusory allegations that the aircraft must, therefore, be "unsafe" or "defective." These are no more than "unadorned, the-defendant-unlawfully-harmed-me accusations," which are inadequate as a matter of law. Diamond's Motion should be granted, and this case should be dismissed.

**Conclusion**

For the foregoing reasons, Diamond respectfully requests that its Motion to Dismiss be granted, and that this case be dismissed pursuant to Rule 12(b)(6).

>Respectfully submitted,
>
>*/s/ Ross Cunningham*
>Ross Cunningham – Attorney in Charge
>Bryan S. David
>**CUNNINGHAM SWAIM, LLP**
>4015 Main Street, Suite 200
>Dallas, Texas 75226
>Phone: 214-646-1495
>Facsimile: 214-613-1163
>rcunningham@cunninghamswaim.com
>bdavid@cunninghamswaim.com
>
>/s/ *Scott A. Harkness*
>Scott A. Harkness (#16418-49)
>Myekeal D. Smith, Jr. (#36409-53)
>**NORRIS CHOPLIN SCHROEDER LLP**
>101 West Ohio Street, Ninth Floor
>Indianapolis, IN  46204-4213
>Phone: 317-269-9330
>Facsimile: 317-269-9338
>sharkness@ncs-law.com
>msmith@ncs-law.com
>
>**ATTORNEYS FOR DEFENDANT DIAMOND AIRCRAFT INDUSTRIES INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2023, the foregoing Brief in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint was filed electronically through the Court's Electronic Case Filing System. Notice of this filing will be sent to all counsel of record through the Court's Electronic Case Filing System.

>*/s/ Scott A. Harkness*
>Scott A. Harkness