UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD CORBET and HELENA CORBET, Individually, and as Parents of BENJAMIN CORBET, deceased <br>     Plaintiffs, <br><br> vs. <br><br> DIAMOND AIRCRAFT INDUSTRIES, INC. <br>     Defendants. | CASE NO. 1:22-cv-2457-SEB-MG |

## PLAINTIFFS' RESPONSE AND OBJECTION TO DEFENDANT'S SECOND MOTION TO DISMISS

Plaintiffs, by counsel, respond to and oppose Defendant's Second Motion to Dismiss pursuant to FRCP 12(b)(6). In support, Plaintiffs contend that that the Second Amended Complaint does in fact allege sufficient facts to state a cause of action against Defendant. Therefore, the Court should deny Defendant's Motion.

This case arises from a plane crash that took place during a flight instruction class on June 6, 2021. The crash resulted in the deaths of student Benjamin Corbet and his instructor. (Second Amended Complaint ¶ 7-9). Defendant filed a renewed Motion to Dismiss, asserting that the Plaintiff's Second Amended Complaint failed to allege any alleged defect with any level of specificity, but Plaintiffs meet the requirements under FRCP 8(a), in which a Complaint "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." As Indiana is a "notice-pleading state," this is all that is required of a claim. *KS&E Sports,* 72 N.E.3d 892, 901 (Ind. 2017). Further, "a complaint's allegations are sufficient if they put a reasonable person on notice as to why plaintiff sues." *Capital Neon Signs, Inc. v. Indiana Nat'l Bank,* 501 N.E.2d 1082, 1085 (Ind. Ct. App. 1986). With notice-pleading, "complaints need only

plead facts sufficient to put defendants on notice of the claims against them." *R3 Composites Corp. v. G&S Sales Corp.,* 960 F.3d 935, 942 (7th Cir. 2020). "[T]he federal courts require notice pleading, not fact pleading complete with all the minutiae. A complaint need only provide notice of plausible claim; there is no rule requiring parties to plead legal theories or elements of a case." *Auto Driveaway Franchise Systems, LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 675 (7th Cir. 2019), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Determining whether a claim may survive a 12(b)(6) motion, is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011). Here, Plaintiffs asserted a claim of negligence in the Complaint, which is a sufficient claim upon which relief can be granted, and further specificity is not required. (*See* Complaint).

Additionally, dismissal here would be improper, as "[d]ismissal is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 521 (7th Cir. 2003) (quoting *Hishon v. King & Spalding*, [*882] 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)). "Courts view motions to dismiss for failure to state a claim with disfavor because such motions undermine the policy of deciding causes of action on their merits." *Biomet, Inc. Health Ben. Plan v. Black*, 51 F. Supp. 2d 942, 945 (N.D. Ind. 1999) (citing *Action Repair, Inc. v. American Broad. Co., Inc*., 776 F.2d 143 (7th Cir.1985)). "As long as the plaintiff can, in response to a motion to dismiss, identify some plausible theory that would entitle it to relief on its claim, that claim may move forward and a motion to dismiss other legal theories must be denied." *KFC Corp. v. Iron Horse of Metairie Rd., LLC*, 2020 WL 3892989, at *3 (N.D. Ill. July 10, 2020). Here,

Plaintiff has identified negligence and a plausible theory that would entitle Plaintiff relief. Plaintiff has not had the benefit of *any* discovery with defendant or an independent inspection of the plane, which would tend to support its allegations.

Further, as put persuasively by another jurisdiction, "while defendants are correct in their quoting of *Twombly* and *Iqbal,* it must be remembered that neither was a product liability suit." *Winslow v. W. L. Gore & Assoc.*, No. 10-116, 2011 U.S. Dist. LEXIS 25520, at *6-7 (W.D. La. Jan. 19, 2011). As *Winslow* explains, with products liability cases, "almost all of the evidence is in the possession of defendant or other entities," and "it is likely impossible for plaintiff to state more specific allegations regarding defects in manufacture and design without first having the benefit of discovery and of expert analysis, neither of which is required in order to file suit." *Id.* As the Seventh Circuit similarly explains, "the victim of a genuinely defective product [..] may not be able to determine without discovery and further investigation whether the problem is a design problem or a manufacturing problem." *Bausch v. Stryker Corp.*, 630 F.3d 546, 560 (7th Cir. 2010). The level of specificity called for by Defendant is not required, nor possible in products liability cases that depend on discovery to determine what aspect(s) of a product caused the harm alleged, and Plaintiffs have sufficient pleaded a claim which relief may be granted. Defendant seeks dismissal of this claim before discovery, and before the disclosure of any information in this claim for defective design, manufacture, distribution, and/or warn.

WHEREFORE, Plaintiffs, by counsel, request that Defendant's Motion to Dismiss be denied and for all other relief just and proper in the premises.

Respectfully submitted,

*/s/ Katherine Karres*
Katherine Karres (#27192-49)

Hurst Limontes, LLC
50 South Meridian Street, Suite 600
Indianapolis, IN 46204-3680
317-636-0808/FAX: 317-633-7680

## **CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing was served via the Court's Electronic Filing System this May 31, 2023, addressed to the following:

Scott Harkness
Myekeal D. Smith Jr.
NORRIS CHOPLIN SCHROEDER, LLP
101 West Ohio Street, Ninth Floor
Indianapolis, IN 46204

Ross Cunningham
Bryan David
CUNNINGHAM SWAIM, LLP
4015 Main Street, Suite 200
Dallas TX 75226

                                                        */s/Katherine Karres*_____
                                                        Katherine G. Karres, #27192-49
                                                        Attorney for Plaintiffs

**Hurst Limontes LLC**
50 S. Meridian St., Suite 600
Indianapolis, IN 46204
317-636/0808 / Fax 317-633-7680
kkarres@billhurst.com