UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD CORBET individually, and as Parent of Benjamin Corbet, deceased, HELENA CORBET individually, and as Parent of Benjamin Corbet, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> DIAMOND AIRCRAFT INDUSTRIES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) No. 1:22-cv-02457-SEB-MG ) ) ) ) ) |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiffs Todd and Helena Corbet (the "Corbets"), parents of decedent Benjamin Corbet ("Benjamin"), brought this negligence action against Defendant Diamond Aircraft Industries, Inc. ("Diamond"), manufacturer of the Diamond DA40 aircraft, which aircraft was involved in a fatal accident resulting in Benjamin's death. Diamond has moved to dismiss the Corbets' Second Amended Complaint ("SAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, Diamond's Motion to Dismiss, dkt. 28, is **DENIED**.

**FACTUAL BACKGROUND**

The Corbets aver the following: Diamond, a Canadian corporation, manufactures and sells airplanes, including the Diamond DA40 aircraft. Benjamin, a flight training student, attended an Indiana flight school that had purchased and owned a Diamond DA40 aircraft.

1

On June 6, 2021, Benjamin and his flight instructor engaged the Diamond DA40 in a stall training session: however, once the aircraft entered into a spin, the flight instructor was unable to recover the aircraft out of it. Consequently, the DA40 aircraft crashed into a field in Burlington, Indiana, resulting in both occupants' deaths.

On December 22, 2022, the Corbets brought this wrongful death action against Diamond, invoking this Court's diversity jurisdiction. The Corbets allege that Diamond failed to manufacture a safe aircraft, failed to warn of the dangers of flying and/or spinning the aircraft, and failed to instruct flight schools, instructors, and students on how to engage the Diamond DA40 in spin recovery. After the Corbets filed their SAC (curing unrelated deficiencies in the jurisdictional allegations), Diamond moved to dismiss, arguing that the Corbets failed to plead facts sufficient to state a claim on which relief can be granted. That motion has now been fully briefed and is ripe for ruling.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Specific facts are unnecessary, though the statement must still provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation and citation omitted).

To survive a motion to dismiss for failure to state a claim, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes facially plausible "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, courts must construe "all well-pleaded allegations of the complaint as true and view[ ] them in the light most favorable to the plaintiff." *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). However, courts need not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *McCauley v. City of Chicago*, 671 F.3d 611, 616–17 (7th Cir. 2011). The plausibility inquiry is, at bottom, a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (internal quotation and citation omitted).

The Seventh Circuit has "consistently said: 'As a general rule . . . notice pleading remains the standard.'" *Bausch v. Stryker Corp.*, 630 F.3d 546, 559 (7th Cir. 2010) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008)). Indeed, because Rule 8's purpose is to provide defendants with "fair notice of the nature of the claim against them," "pleading is meant to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Id.* (internal quotations and citations omitted).

## DISCUSSION

The Corbets allege that the Diamond DA40 was unsafe for flight training classes because Diamond "manufactured [it] to be difficult to get out of a spin." SAC ¶ 15. They also allege that Diamond failed to provide proper training and instructions on getting the Diamond DA40 out of a spin; failed to investigate whether the flight school's instructors were properly instructed in stall training, spin training, and spin recovery; and failed to

3

warn students about the potential danger of flying the Diamond DA40 during flight training sessions. *Id.* ¶¶ 16–18. They further aver that the Diamond DA40's defective "design, manufacture, distribution, warnings, and instructions[,] including the fact that the Diamond DA40 was unreasonably difficult to get out of a spin," caused the fatal airplane crash at issue. *Id.* ¶ 19.

Diamond's principal contention is that the SAC lacks sufficient factual allegations to state a claim for relief under Rule 8(a)(2). Specifically, Diamond argues that the Corbets have failed to identify any defect that made the DA40 aircraft unsafe and have failed to establish the legal source of or any basic factual support for Diamond's alleged duties.

In the context of product liability actions, the Seventh Circuit has observed that "victim[s] of a genuinely defective product . . . may not be able to determine without discovery and further investigation whether the problem is a design problem or a manufacturing problem." *Bausch*, 630 F.3d at 560. Undoubtedly, a "complaint would be stronger with such detail," but "the absence of those details" does not constitute a failure to comply with Rule 8, nor does it support dismissal under Rule 12(b)(6). *Id.* Injured plaintiffs often pursue discovery on multiple theories until they can parse the necessary information. *Id.* Until that information is available, the Federal Rules impose no special requirements on plaintiffs in a product liability action. *Id.*

As observed by a sister district court, "[p]roof [in a product liability suit] will necessarily be technical in nature and it is likely impossible for plaintiff to state more specific allegations regarding defects in manufacture and design without first having the benefit of discovery and expert analysis, neither of which is required in order to file suit."

4

*Winslow v. W.L. Gore & Assoc., Inc.*, 2011 WL 866184, at *3 (W.D. La. Jan. 21, 2011). Thus, litigants are not required to present information that "they could not be expected to have at the outset of litigation." *CS Wang & Assoc. v. Wells Fargo Bank, N.A.*, 305 F.Supp.3d 864, 890 (N.D. Ill. 2018).

Construing all factual ambiguities in the light most favorable to the Corbets, we find that the Corbets have stated a claim upon which relief may be granted. Notwithstanding the limited information available to them, the Corbets have alleged that Diamond designed the DA40 aircraft to be unreasonably difficult to get out of spin and subsequently failed to ensure proper instructions and warnings were provided to flight schools, flight school instructors, and flight school students. They further allege that this negligence caused the plane crash that led to Benjamin's death. These details "present a story that holds together" and sufficiently support a claim that Diamond bears some legal responsibility for the fatal accident. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The Federal Rules demand nothing more. *Id.*; *see Am. Kitchen Delights, Inc. v. Signature Foods, LLC*, 2018 WL 1394032, at *3 (N.D. Ill. Mar. 20, 2018).

As for the legal sufficiency of the Corbets' SAC, Diamond argues that the Corbets failed to reference any legal authority establishing its alleged duty. Though Diamond correctly notes that the existence of duty is a question of law soundly deferred to judicial discretion, it overlooks a critical point: "Even in the wake of *Iqbal* and *Twombly*, the federal rules are devoid of any requirement that a complaint set forth a legal theory or cite to a specific statute in order to but the Defendant on notice of the claims against it." *Jackson v. Sec'y of Indiana Fam. & Soc. Servs. Admin.*, 279 F.Supp.3d 816, 818 (S.D. Ind. 2016); *e.g.*,

*Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("[T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal."). Here, the Corbets were not required to invoke any legal authority to notify Diamond of the claims against it. Thus, the absence of any reference to the legal source of Diamond's duty is not grounds for dismissal.[1]

## CONCLUSION

We anticipate that discovery will reveal the evidence necessary to gauge the viability of the Corbets' claims, but, at this juncture, no such specificity is required to apprise Diamond of the claims against it. *See id.*

For these reasons, Diamond's Second Motion to Dismiss, dkt. 28, is **DENIED**.

IT IS SO ORDERED.

Date: 1/8/2024

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] Relatedly, as a federal court sitting in diversity jurisdiction, a choice-of-law analysis necessarily precedes our resolution of whether, as a matter of law, Diamond owed a duty. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 807–08 (7th Cir. 2020); *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) ("In a diversity case, the legal and factual sufficiency of an affirmative defense is examined with reference to state law."). Neither of the parties before us has engaged in a choice-of-law analysis, and, because determining the substantive law is not otherwise relevant to the instant motion, we save those considerations for future proceedings.

Distribution:

Michael Ross Cunningham
CUNNINGHAM SWAIM, LLP
rcunningham@cunninghamswaim.com

Bryan S. David
Cunningham Swaim, LLP
bdavid@cunninghamswaim.com

Scott A. Harkness
NORRIS CHOPLIN & SCHROEDER LLP
sharkness@ncs-law.com

Katherine G. Karres
Hurst Limontes
kkarres@billhurst.com

Myekeal Deaire Smith, Jr
Norris Choplin Schroeder
msmith@ncs-law.com